HANSET et ux, *Respondents,*

*v.*

GENERAL CONSTRUCTION
COMPANY, *Appellant.*

(No. 423-716, SC 25368)

589 P2d 1117

Gerald R. Pullen, Portland, argued the cause and filed a brief for appellant.

Robert L. Kovsky, Portland, argued the cause and filed a brief for respondents.

Before Tongue, Presiding Justice, and Howell, Bryson, and Linde, Justices.

BRYSON, J.

## BRYSON, J.

This is an action to recover for damages to plaintiffs' home, personal discomfort, and annoyance caused by defendant's blasting operations in 1975. Judgment was entered on the jury's verdict for $5,000 special damages to the house and $4,500 general damages for discomfort and annoyance.

Defendant appeals and contends that the trial court erred in denying its motions for nonsuit and directed verdict on the issue of damages to the house because of inadequate proof.

Defendant asserts that the theory of damages adopted by plaintiffs, cost of repair, was improper and that plaintiffs should only have recovered for diminution in value of the house. Defendant does not dispute that its blasting damaged plaintiffs' house and does not appeal from that part of the judgment awarding damages for discomfort and annoyance.

Plaintiffs bought the house for $5,000 in October, 1973.[1] At that time, the house was condemned; it had no doors or windows. It was just a shell. The plaintiffs did extensive repair work on the house between October 1973 and July 1975, when defendant began blasting. The work included repairing the walls and roof, leveling the floors, fixing the ceilings, and paneling several rooms.

The house was damaged as follows: The ceiling in a back room was cracked down the seams; the basement floor was cracked; the new chimney was cracked; the foundation was cracked, allowing water to seep in in five different places; the plumbing was pulled out of the walls; the timbers and supports fell under the floor, causing the roof to sag and the ceiling to split; a kitchen window fell out; and one of the kitchen cupboards fell off the wall.

---

[1] Defendant states that plaintiffs paid only $4,000 for the house; however, defendant has apparently overlooked the fact that plaintiffs also assumed liability of $1,000 for back taxes.

At trial, plaintiffs took the position that defendant should pay the cost of repair to the house. Plaintiffs introduced evidence that repair cost would amount to $12,000[2] but introduced no evidence on the value of the house before and after the blasting. At the close of plaintiffs' case, defendant moved as follows:

"* * * [T]he defendant will move the Court for a judgment of involuntary nonsuit, based upon the proposition that there has been inadequate proof regarding the measure of damages in this case. I submit to the Court that, as stated in the case of *Oregon Mutual Fire Insurance Company vs. Matthews*[Mathis], 215 Or. 218, which is the definitive case in our state on the measure of damages, and the case of damage to real property, the measure of damage is the diminution in value to the property, or the before and after value of the property caused by the damage alleged. In the event that the cost of repair is less than the diminution in value, the cost of repair is the measure of damage."

The trial court reserved a ruling on the motion. After both parties rested, defendant moved for a directed verdict on the same grounds. The court denied the motion.

Defendant relies on *Ore. Mutual Fire Ins. Co. v. Mathis,* 215 Or 218, 334 P2d 186 (1959), for the proposition that a plaintiff whose real property is damaged may recover from defendant only the diminution in value of the property, or the cost to repair, whichever is less, but the case does not enunciate this rule. Instead, the case makes it clear that "since the allowance of damages is to award just compensation without enrichment, there is no universal test for determining the value of property injured or destroyed and * * * the mode and amount of proof must be adapted to the facts of each case." 215 Or at 225, citing

---

[2] Plaintiffs' expert testified quite clearly that it would cost either $12,500 for "radical" repair of the foundation or, alternatively, "about twelve thousand" for the complete job, including less radical repair of the foundation. Erroneously, defendant added the alternative sums together and asserts in its brief that plaintiffs sought repair costs of $25,000. Plaintiffs' complaint alleged $15,000 for repairs.

4 Sutherland, Damages § 1015 (4th ed 1916). The case further states that under the facts of that case, reparable injury to a building that had no generally determinable value, the plaintiffs were entitled to recover the cost of repairs. In *Ore. Mutual Fire Ins. Co., supra,* we identified several factors that make repair cost, and not diminution in value, the proper measure of damages, including whether the property can be repaired; whether the damage is to an improvement as opposed to damage to the land itself; and whether the determination of the diminution in value would be difficult and uncertain. 215 Or at 226.

■ Under the facts of this case, these factors show that the proper measure of damages in this case is repair cost, not diminution in value. *Growers Refrig. Co. v. Amer. Mtr. Ins.,* 260 Or 207, 220, 488 P2d 1358 (1971). *See also Hutchins v. Mutual of Enumclaw Ins.,* 267 Or 276, 516 P2d 1273 (1973).

Defendant specifically cites Comment *b,* to 4 Restatement, Torts § 929 (1939) (at 661-62), which states:

"Even in the absence of value arising from personal use, the reasonable cost of replacing the land in its original position is ordinarily allowable as the measure of recovery. Thus where a ditch is dug without right upon the land of another, the other normally is entitled to damages measured by the expense of filling the ditch, if he wishes it filled. If, however, the cost of replacing the land in its original condition is disproportionate to the diminution in the value of the land caused by the trespass, unless there is a reason personal to the owner for restoring the original condition, damages are measured only by the difference between the value of the land before and after the harm. This would be true, for example, if in trying the effect of explosives, a person were to create large pits upon the comparatively worthless land of another.

"On the other hand, where a building such as a homestead is used for a purpose personal to the owner, the damages ordinarily include an amount for repairs, even though this might be greater than the

entire value of the building. So, where a garden has been maintained in a city in connection with a dwelling house, the owner is entitled to recover the expense of putting the garden in its original condition even though the market value of the premises has not been decreased by the defendant's invasion."

This comment, particularly the second paragraph, reveals that the *Restatement* supports plaintiffs' position. True, the comment does state a rule of proportionality under which a plaintiff's damages may be limited to the diminution in value of his property. However, this rule does not apply where "there is a reason personal to the owner for restoring the original condition." As the comment goes on to clarify, where the owner does have a personal reason for restoring the property, as he would where the building is a homestead, "the damages ordinarily include an amount for repairs, even though this might be greater than the entire value of the building."

■ Defendant cites other Oregon cases for the proposition that "the cost of repair cannot exceed any diminution in value." *Beik v. American Plaza Co.,* 280 Or 547, 555, 572 P2d 305 (1977); *Schmauch v. Johnston,* 274 Or 441, 446-47, 547 P2d 119 (1976). The cases do not stand for such a rule, but rather for a rule of proportionality. Diminution in value is the proper measure of damages only when the cost of repair is *disproportionate* to the diminution in value. Under the facts of this case, we believe that the reasoning adopted by the Supreme Court of New Jersey concerning the measure of damages where a tort-feasor damages plaintiffs' homes is persuasive:

"* * * The repairs to the plaintiffs' homes involve the correction of impaired foundations, seam openings and cracked floors, walls, ceilings, chimneys and fireplaces. They simply entail the restoration of the homes to their condition immediately prior to the defendant's activities. The plaintiffs are concerned with living in rather than selling their homes and, in all fairness, they should have the right to recover the reasonable cost of the necessary repairs without

being subjected to the artificial burden of establishing that the diminution in the salable value of their homes was in a corresponding amount. [Citations omitted.]" *Berg v. Reaction Motors Div.,* 37 NJ 396, 181 A2d 487, 495 (1962).

We therefore hold that repair cost was a proper measure of damages in this case. The trial court did not err in denying defendant's motion for nonsuit or directed verdict.

Affirmed.